UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Case No.: 18-22620-shl

    Charles S Harris, Jr                                     Chapter 13
    aka Crist Swann


-----------------------------------------------------------X

## AMENDED STIPULATION AND ORDER

**WHEREAS,** on or about May 19, 2004 Charles S Harris, Jr aka Crist Swann (the "Debtor") executed a note and mortgage pledging the real property known as 39 Primrose Avenue, Mount Vernon, New York 10552 (the "Premises") in favor of Guaranty Residential Lending, Inc in consideration of $401,940.00; and

**WHEREAS,** the note and mortgage were subsequently transferred to Fay Servicing LLC, as servicer for Goshen Mortgage LLC, as Separate Trustee for GDBT I Trust 2011-1 ("Creditor"); and

**WHEREAS,** on April 27, 2018 the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code ("Bankruptcy Case"); and

WHEREAS on June 6, 2018, Creditor filed a secured Proof of Claim No. 3 in the Debtor's Bankruptcy Case, in the amount of $944,68.67 ("Claim"); and

**WHEREAS,** on September 13, 2018, the Debtor filed an amended Chapter 13 plan seeking to cram down Creditor's lien and the amount of the Claim that is secured by the Premises ("Cram Down"); and

**WHEREAS**, the Debtor and Creditor ("Parties") have engaged in discussions with respect to the Cram Down and have reached an agreement in resolution of the disputed issues with the request that the Court enter this amended stipulated order.

**NOW THEREFORE**, in consideration of the terms and conditions set forth herein, it is hereby stipulated and agreed by and between the parties as follows:

1. The Parties agree that the value of the Premises is $200,000.00 and the secured portion of the Claim filed by Creditor against the Debtor and Debtor's estate in this bankruptcy case with respect to the related note and mortgage shall be valued and fixed at $200,000.00. The balance of the Claim shall be reclassified as an unsecured non-priority claim in the Bankruptcy Case.

2. The Debtor shall satisfy the Claim in full by paying the $200,000.00 through his Chapter 13 plan at six and one-half percent (6.5%) interest ("Cram Down Payment").

    a. This amount shall be the equivalent of 60 principal and interest payments of $3,913.23 ($234,793.78 divided by 60), which shall be paid by the Chapter 13 Trustee upon confirmation of the Debtor's Chapter 13 Plan or as otherwise directed by the Bankruptcy Court. The Parties acknowledge that the Cram Down Payment shall not necessarily be paid in 60 equal installments by the Chapter 13 Trustee for various reasons including that this Chapter 13 case has been pending for approximately 21 months and that there are administrative issues related to claims administration which are beyond the control of the Parties. As such, the Parties acknowledge that these numbers are simply provided to guide the Trustee in distributions made to Creditor. The Parties further acknowledge that the Debtor has no control over the amounts or frequency of payments actually sent by the Chapter

13 Trustee or even when the payments will start and that the failure of the Trustee to send equal monthly payments shall not be deemed a default or breach by the Debtor of any of the terms of this Stipulation and Order.

b. The Parties also acknowledge that the Chapter 13 Trustee may pay the Cram Down Payment sooner than in 60 months, based on availability of funds, and that the Debtor has no control over this. As such, this would also not be deemed to be a default or breach by the Debtor of any of the terms of this Stipulation and Order.

3. Commencing the month after the Effective Date, the Debtor shall pay Creditor $1,430.79 per month, representing monthly escrow payments. The Parties agree that these payments will not be applied to anything other than post-petition property taxes and insurance. The Debtor's obligation to make these payments to Creditors shall conclude on the final month of his Chapter 13 plan. Payments shall be made to Fay Servicing at P.O. Box 814609, Dallas, TX 75381-4609.

4. Upon successful completion of the Debtor's Chapter 13 Plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), the Creditor's Claim and related mortgage dated May 19, 2004 which was recorded with the Westchester County Clerk on September 2, 2004 under Control Number 442081247 and in the original amount of $401,940.00 against the Premises ("Mortgage"), Creditor will provide the Debtor's counsel with a satisfaction of the Mortgage, in a form that is recognized as recordable by the Office of the Westchester County Clerk, City Register or applicable land records department for the Premises.

5. Creditor is permitted to file payment change notifications should the escrow payment contemplated in Paragraph 3 of this Stipulation and Order adjust for any reason and the monthly escrow installment payments would thereby be adjusted accordingly

6. That in the event that the Debtor fails to complete the Cram Down Payment, or the case is converted to any other bankruptcy chapter, the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. § 1328(a), pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C. §349 Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.

7. The Debtor will not transfer, sell or re-finance the Premises prior to the completion of his Chapter 13 Plan and receiving a Chapter 13 order of discharge under 11 U.S.C. §1328(a), without Creditor's consent. In the event that the Debtor refinances the loan on the Premises, sells the Premises, or attempts to pay the loan off prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge under 11 U.S.C. § 1328(a) (except as otherwise set forth in paragraph 2 of this Stipulation and Order), pursuant to 11 U.S.C. § 1325(a)(5)(B), the Debtor shall pay the entire balance due on the Mortgage, pursuant to this Stipulation and Order, in full at closing.

8. That in the event that the Premises is destroyed or damaged, that pursuant to the mortgage, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the amount agreed to in paragraph 2 of this Stipulation and Order.

9. That in the event that the Creditor, its successors or assigns, is unable to execute and record documents that are required to release the Mortgage after successful completion of this

Chapter 13 case, then Debtor may record this Stipulation and Order along with the Order of Chapter 13 Discharge with the Clerk of the County of Westchester, New York or applicable land records authority to show satisfaction of the Mortgage. The Clerk of the County of Westchester, New York or applicable land records authority shall mark on its records that the Mortgage (Control Number 442081247) on the Premises is satisfied in full and discharged of record pursuant to Bankruptcy Court Order.

Dated: January 29, 2020

/s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
Attorneys for Fay Servicing LLC, as servicer for
Goshen Mortgage LLC, as Separate Trustee for
GDBT I Trust 2011-1
85 Broad Street Suite 501
New York, New York 10004

Dated: January 31, 2020

/s/ Natasha Meurelo
Natasha Meruelo, Esq.
Attorney for Debtor
99 Church Street, 4th Floor, Ste 401
White Plains, NY 10601

Dated: February 3, 2020

/s/ Dennis Jose, Esq. for Krista Preuss
Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603

Dated: February 12, 2020

*/s/ Sean H. Lane*
Honorable Sean H. Lane
United States Bankruptcy Judge